1

**KELLEY DRYE & WARREN LLP**
Becca J. Wahlquist (SBN 215948)
bwahlquist@kelleydrye.com
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 547-4900
Fax: (213) 547-4901

2

3

4

5

**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*Pro Hac Vice*)
lmazzuchetti@kelleydrye.com
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950

6

7

8

9

*Attorneys for Defendant*
*Keurig Green Mountain, Inc.*

10

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

11

12

SONYA VALENZUELA, individually and
on behalf of all others similarly situated,

13

Plaintiff,

14

v.

15

KEURIG GREEN MOUNTAIN, INC., a
Delaware corporation d/b/a KEURIG.COM;
and DOES 1 through 25, inclusive,

16

17

Defendants.

18

19

20

Case No. 3:22-cv-09042-JSC

Assigned to Hon. Jacqueline Scott Corley

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
COMPLAINT; MEMORANDUM IN
SUPPORT**

[Request for Judicial Notice and Proposed
Order filed concurrently]

Hearing: Thursday, August 24, 2023
Time: 10:00 a.m.
Location: Courtroom 8

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Thursday, August 24, 2023 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the United States District Court for the Northern District of California, before the Honorable Jacqueline Scott Corley, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendant Keurig Green Mountain, Inc. will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the Second Amended Complaint and claims therein of Plaintiff Sonya Valenzuela with prejudice for failure to state a claim upon which relief may be granted.

The basis for this Motion is that it is clear from the face of the Second Amended Complaint, the documents referenced therein, and judicially noticeable materials that Plaintiff failed to adequately plead a claim under Section 631(a) of the California Invasion of Privacy Act.  The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, all other materials supporting the Motion or the Reply filed in support thereof, and such arguments and authorities as may be presented at or before the hearing.

DATED: June 30, 2023

By:   */s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti (*pro hac vice*)
lmazzuchetti@kelleydrye.com
KELLEY DRYE & WARREN
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

Becca J. Wahlquist (SBN 215948)
bwahlquist@kelleydrye.com
KELLEY DRYE & WARREN
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901

*Attorneys for Defendant*
*Keurig Green Mountain, Inc.*

1

## **TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ............................................................................... 1

4    II.    PROCEDURAL AND FACTUAL BACKGROUND.......................................... 2

5          A.    The Court's Order ...................................................................... 2

6          B.    Plaintiff's SAC .......................................................................... 4

7                1.    No Independent Use Allegations .......................................... 5

8                      (a)    The Oracle Product Description............................... 5

9                      (b)    The CRM Article ...................................................... 6

                      (c)    The Bloomberg Article ............................................ 6

10                     (d)    The SAC Contains No Allegations Concerning Plaintiff's
                              Own Experience ...................................................... 7

11               2.    No Interception Allegations .................................................. 7

12    III.    ARGUMENT ................................................................................... 8

13          A.    Plaintiff Fails to State a Valid "Aiding and Abetting" Claim against
                  Keurig under Section 631(a) ...................................................... 8

14                1.    Plaintiff Has Not Adequately Pled a Violation of Clause Two by
15                      Oracle ....................................................................... 9

16                      (a)    The Party Exemption............................................ 10

17                      (b)    Plaintiff Has Not Adequately Pled Oracle's Unauthorized
                              Interception of a Communication While In Transit ...... 13

18               2.    Plaintiff Has Not Adequately Pled a Violation of Clause One by
19                     Oracle ....................................................................... 15

20               3.    Plaintiff Has Not Adequately Pled a Violation of Clauses Three or
                       Four by Keurig or Oracle because Plaintiff Fails to Allege a Claim
21                     Under Clauses One and Two ............................................ 16

22          B.    Plaintiff Otherwise Fails to State a Claim under Section 631(a) ........ 16

23    IV.    CONCLUSION.................................................................................. 18

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).................................................................8, 12, 13, 14

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007).................................................................8, 12, 13, 14

*Byars v. The Goodyear Tire Rubber & Co.,*
   -- F.Supp.3d --, No. 5:22-cv-01358-SSS, 2023 WL 1788553 (C.D. Cal. Feb. 3,
   2023) ...........................................................................................12, 13

*Byars v. Hot Topic, Inc.,*
   No. 5:22-cv-01652, 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023)
   ...............................................................................................10, 12, 13, 17

*Campbell v. Facebook, Inc.,*
   77 F.Supp.3d 836 (N.D. Cal. 2014)........................................................12, 14

*Clark v. California Dep't of Forestry and Fire Prot.,*
   212 F.Supp.3d 808 (N.D. Cal. 2016) .................................................................8

*Cody v. Boscov's, Inc.,*
   -- F.Supp.3d --, No. 8:22-cv-01434, 2023 WL 2338302 (C.D. Cal. Mar. 2,
   2023) ...........................................................................................10, 12, 17

*Esparza v. Ecco USA Inc.,*
   37-2023-00009235-CU-CR-CTL (Cal. Super. Ct., San Diego Cty.) (RJN Ex.
   7) .........................................................................................................10

*Esparza v. Lenox Corp.,*
   No. 3:22-cv-09004, 2023 WL 2541352 (N.D. Cal. Mar. 16, 2023) ...........................10, 12, 17

*In re Gilead Scis. Secs. Litig.,*
   536 F.3d 1049 (9th Cir. 2008) ...........................................................................8

*In re Google Assistant Privacy Litig.,*
   457 F.Supp.3d 797 (N.D. Cal. 2020) ...............................................................15, 16

*In re Google Inc.,*
   No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sep. 26, 2013)...........................9, 15

*Graham v. Noom, Inc.,*
   533 F.Supp.3d 823 (N.D. Cal. 2021) ..............................................................11, 17

*Johnson v. Blue Nile, Inc.,*
   No. 3:20-cv-08183, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021).........................................11

*Licea and Valenzuela v. Cinmar, LLC*,
    -- F.Supp.3d --, No. 2:22-cv-06454, 2023 WL 2415592 (C.D. Cal. Mar. 7,
    2023) .................................................................................................................... *passim*

*Licea v. American Eagle Outfitters, Inc.*,
    -- F.Supp.3d --, 2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ......................................... *passim*

*Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023), adopted in
    full, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023) ......................................................10, 12, 13

*Mastel v. Miniclip SA*,
    549 F.Supp.3d 1129 (E.D. Cal. 2021) ...........................................................................9, 15, 16

*Matera v. Google, Inc.*,
    No. 15-cv-04062, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) .........................................15

*Ribas v. Clark*,
    38 Cal. 3d 355 (Cal. 1985) ..........................................................................................3, 16

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ..........................................................................................3, 17

*Tavernetti v. Superior Court of San Diego County*,
    22 Cal. 3d 187 (1978) .......................................................................................................9

*Valenzuela v. Keurig Green Mountain, Inc.*,
    No. 22-cv-09042, 2023 WL 3707181 (N.D. Cal. May 24, 2023)...........................................3

*Valenzuela v. The Kroger Co.*,
    No. 2:22-cv-06382-DMG, ECF No. 35 (C.D. Cal. June 23, 2023) (RJN Ex. 6)..............10, 13

*Warden v. Kahn*,
    99 Cal. App. 3d 805 (1979) ...............................................................................................17

*Weisbusch v. County of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997) ...............................................................................................8

*Williams v. What If Holdings, LLC, et al.*,
    No. 3:22-cv-03780, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ............................ *passim*

*Yale v. Clicktale, Inc.*,
    No. 3:20-cv-07575, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021).......................................11

**Statutes**

Cal. Penal Code § 631(a) ...............................................................................................*passim*

I.   **INTRODUCTION**

When this Court dismissed the First Amended Complaint ("FAC") filed by plaintiff Sonya Valenzuela ("Plaintiff"), it allowed her a final chance to amend her complaint.  The Court specifically directed Plaintiff as to what would be required to withstand dismissal – factual allegations that, if proven, could support her claim that "eavesdropping" occurred to trigger the protections of the California Invasion of Privacy Act ("CIPA").  Plaintiff's Second Amended Complaint ("SAC"), however, fails to cure the deficiencies that plagued her prior pleadings, notwithstanding that this is her third attempt to state a viable CIPA claim against defendant Keurig Green Mountain, Inc. ("Keurig").

In the SAC, Plaintiff continues to press her theory that, by using vendor-provided software tools to enable consumers to communicate via chat features on their websites, Keurig, along with numerous other companies, aids and abets a criminal wiretap every time a consumer engages in an innocuous and voluntary interaction with a website chat feature.  This Court has already rejected Plaintiff's effort to expand CIPA in this manner, and the SAC fails to allege that Keurig's vendor (i) made independent use of any chat data or (ii) intercepted any communication "while in transit."  Plaintiff attempts to repackage her deficient allegations from the FAC by citing to irrelevant online "publications" (some from more than twelve years ago), but, despite her best efforts to rip portions of articles from their context, these blurbs do nothing to support her claim that Oracle – the alleged software provider – operated as anything but a software tool to help Keurig conduct its own business.  Similarly, in response to the Court's admonition that Plaintiff should come forth with explanations of how the allegedly embedded software "intercepts" a communication "while in transit", the SAC only adds snippets of screenshots that are unconnected to Plaintiff's bare legal conclusions.

Because Plaintiff has done nothing to cure the pleading deficiencies identified by this Court, her SAC should be dismissed with prejudice.  This result is consistent with this Court's prior dismissal Order, as well as similar decisions reached by federal Courts around this state.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   The Court's Order

Plaintiff initiated this action on December 21, 2022, alleging a single claim under Section 631(a) of CIPA.  (Compl., ECF No. 1.)  Plaintiff Valenzuela has been the named plaintiff in at least forty-two similar CIPA actions, represented by the same counsel representing her in this case, which include cases filed in the United States District Court for the Central District of California and the California Superior Courts for Los Angeles County, San Diego County, and Riverside County.[1]  On March 7, 2023, Keurig moved to dismiss the initial complaint.  (Mot. to Dismiss

[1]   *See* RJN at 2-5; *Licea and Valenzuela v. Cinmar, LLC*, No. 2:22-06454 (C.D. Cal.); *Valenzuela v. Aflac Inc.*, No. 2:22-cv-06348 (C.D. Cal.); *Valenzuela v. AIG Direct Ins. Servs. Inc.*, No. 5:22-cv-01561 (C.D. Cal.); *Valenzuela v. Alexander Wang LLC*, 23STCV12422 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Amica Mutual Insurance Company*, 23STCV04849 (Cal. Sup. Ct., Los Angeles Cty.); *Valenzuela v. As Beauty LLC dba Lauragellar.com*, 23STCV10403 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Bedding Pros, LLC*, 23STCV02945 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. BJ's Wholesale Club, Inc.*, No. 2:22-cv-06378 (C.D. Cal.); *Valenzuela v. Bootbarn, Inc.*, 22STCV40497 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Boxcom, Inc.*, 37-2023-00016674 (Cal. Super. Ct., San Diego Cty.); *Valenzuela v. Build-A-Bear Workshop, Inc.*, 23STCV04542 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. C.C. Filson Co.*, 2:23-cv-03387 (C.D. Cal.); *Valenzuela v. Carvana, LLC*, No. CVRI2204530 (Cal. Sup. Ct., Riverside Cty.); *Valenzuela v. CNO Services, LLC*, No. 5:22-cv-02084 (C.D. Cal.); *Valenzuela v. Dermacare LLC, d/b/a Bluechew.com*, No. 37-2022-00047405 (Cal. Sup. Ct., San Diego Cty.); *Valenzuela v. Electronic Commodities Exchange, L.P.*, dba www. Ritani.com, 23STCV10477 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Engage3, Inc., d/b/a Engage3.com*, No. 30-2022-01297903 (Cal. Super. Ct., Orange Cty.); *Valenzuela v. Farfetch.com US, LLC*, 23STCV00831 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Fathead, LLC*, 2:23-cv-01960 (C.D. Cal.); *Valenzuela v. Givenchy Corp.*, 23STCV01298 (Cal. Sup. Ct., Los Angeles Cty.); *Valenzuela v. Hims & Hers Health, Inc.*, No. 37-2022-00047422 (Cal. Sup. Ct., San Diego Cty.); *Valenzuela v. Jane Marketplace, LLC*, 4:23-cv-02543 (N.D. Cal.); *Valenzuela v. Kaspersky Lab, Inc.*, No. 2:22-cv-09157 (C.D. Cal.); *Valenzuela v. Keurig Green Mountain, Inc., d/b/a Keurig.com*, 3:22-cv-09042 (N.D. Cal.); *Valenzuela v. Kroger Co.*, No. 2:22-cv-06382 (C.D. Cal.); *Valenzuela v. Livechat, Inc.*, 2023-01333056 (Cal. Super. Ct., Orange Cty.); *Valenzuela v. Loews Hotels, LLC d/b/a Loewshotels.com*, 23STCV07546 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. M.A.C. Cosmetics Inc.*, 5:22-cv-01360 (C.D. Cal.); *Valenzuela v. Massage Envy Franchising LLC*, No. 2:22-cv-05817 (C.D. Cal.); *Valenzuela v. Michael Kors (USA), Inc.*, No. 2:22-cv-05902 (C.D. Cal.); *Valenzuela v. Nationwide Mutual Ins. Co.*, No. 2:22-cv-06177 (C.D. Cal.); *Valenzuela v. Noble House Hotels & Resorts, LP d/b/a Laubergedelmar.com*, 23STCV07524 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Papa Murphy's Int'l, LLC*, No. 5:22-cv-01789 (C.D. Cal.); *Valenzuela v. Pear Sports, LLC*, No. CVRI2204529 (Cal. Sup. Ct., Riverside Cty.); *Valenzuela v. Pierre Fabre USA, Inc.*, No. 3:22-cv-02079 (S.D. Cal.); *Valenzuela v. Rugs USA LLC*, No. 30-2022-01294507 (Cal. Sup. Ct., Orange Cty.); *Valenzuela v. Sia International Trading Limited*, 23STCV07626 (Cal. Super. Ct., Los Angeles Cty.); *Valenzuela v. Super Bright LEDS Inc. dba SuperBright-LEDS.com*, 5:23-cv-01148 (C.D. Cal.); *Valenzuela v. Under Armour, Inc.*, No. 22STCV24206 (Cal. Super. Ct., LA Cty.); *Valenzuela v. VF Outdoor LLC, d/b/a Smartwool.com*, No. 37-2022-00046954 (Cal. Super. Ct., San Diego Cty.); *Valenzuela v. West Marine Products Inc.*, No. 5:22-cv-02082 (C.D. Cal.); *Valenzuela v. World Wildlife Fund, Inc.*, 23STCV14554 (Cal. Super. Ct., Los Angeles Cty.).

Compl., ECF No. 12.)  In response, Plaintiff did not oppose the motion, but instead filed the FAC. (FAC, ECF No. 17.)

The FAC alleged violations under Sections 631(a) *and* 632.7 of CIPA.  (*Id.*)  On March 30, 2023, Keurig again filed a motion to dismiss, seeking dismissal of the FAC.  (Mot. to Dismiss FAC, ECF No. 25.)  On May 24, 2023, following oral argument on the motion, this Court dismissed the FAC in its entirety.  (Order dated May 24, 2023, ECF No. 39 (the "Dismissal Order"))[2].  In dismissing the FAC, this Court ruled that the first clause of Section 631(a) of CIPA (the "First Clause" or "Clause One"), which applies to wiretapping any "*telegraph* or *telephone* wire, line, cable, or instrument," did not apply to Plaintiff's alleged interaction with Keurig's website (the "Website").  (Dismissal Order at 3-4.)  With respect to the second clause of Section 631(a) (the "Second Clause" or "Clause Two"), which applies to any attempt to "read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state[,]" the Court addressed three issues: (i) the party exception, (ii) the "while . . . in transit requirement," and (iii) the absence of consent.  (*Id.* at 5-8.)

As to the party exception, this Court ruled that "the question is whether the unnamed 'third-party' here is a third-party eavesdropper (like Clark in *Ribas*) or a tape-recorder in Defendant's control (as in *Rogers*).  Put another way, the question is whether the third party has 'the <u>capability</u> to use its record of the interaction for [another] purpose.[']"  (*Id.* at 6.)  Plaintiff's claim under Section 631(a) of CIPA in all iterations of her pleading – the initial complaint, the FAC and the SAC – is predicated upon her theory that the alleged use of a software provider to facilitate chat communications between consumers and Keurig constitutes "eavesdropping" under CIPA.  (SAC at Introduction.)  As per this Court's Dismissal Order, to state a viable CIPA claim, Plaintiff must allege that the software provider was more than just a tool supporting Keurig's business operations; she must allege facts to support that the third-party made its own independent use of the chat data. (Dismissal Order at 6-7.)  This Court held that in the FAC, Plaintiff made only unsupported,

---

[2] All citations to the Dismissal Order herein cite to the page numbers on the docket order. *See also Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-cv-09042, 2023 WL 3707181 (N.D. Cal. May 24, 2023).

inferential "leaps" regarding the purported use of a third-party software provider and did "not allege any facts to plausibly support an inference that any of the potential providers share[d] data with Meta." (*Id.* at 7.)  The Court found that such allegations are not "plausible," and, as a result, dismissed the CIPA Section 631(a) claim on this ground alone.  (*Id.*)

With respect to the "while . . . in transit requirement," which is an additional element of a Section 631(a) claim brought under the Second Clause, the Court granted Keurig's motion to dismiss on the additional ground that Plaintiff "provides no detail as to how the interception occurs."  (*Id.* at 8.)  The Court further noted that Plaintiff's allegations were "identical" to those rejected by other California federal courts.  (*Id.*)  The Court, thus, found that the failure to allege facts to support a violation of the First Clause or Second Clause of CIPA – which are direct liability provisions – also failed to support any claim that Keurig aided or abetted any CIPA violation.  (*Id.* at 8-9.)

With respect to Plaintiff's Section 632.7 claim, this Court found that the statutory restriction only applied to specific forms of telephony equipment, which Plaintiff did not even attempt to allege were in use.  (*Id.* at 9.)  Accordingly, the Court dismissed the FAC but allowed Plaintiff leave to amend "once more."  (*Id.* at 10.)

## B.  Plaintiff's SAC

In the SAC, Plaintiff alleges that "[i]n *August 2022* while physically within California, Plaintiff visited Defendant's Website using a smart phone and conducted a *brief* conversation with an agent of Defendant through the Website's chat feature."  (SAC ¶ 4) (emphasis added).  Despite having the opportunity to amend her complaint a second time, Plaintiff *still* does not allege any information or dialogue that was exchanged during her purported "brief conversation."  (*See generally id.*)  While Plaintiff describes conversations between unnamed visitors and the coffee retailer's Website as "private," and/or "personal," she does not allege that she provided any private or personal information to the Keurig Virtual Assistant during her alleged "brief" chat, nor does she allege any information she provided is capable of being monetized.[3]  (*See id.* at Introduction,

---

[3] In her initial complaint, Plaintiff described her conversations as "*deeply* personal" and/or "*highly sensitive*" but, as with other allegations, she has now abandoned those claims.  (*Compare* Compl. ¶¶ 12, 14, 15 (emphasis added) *with* FAC ¶ 13 and SAC ¶ 13.)

¶¶ 13, 19.)   Plaintiff seeks to represent herself and a putative class of persons who allegedly communicated on Keurig's chat feature.  (*Id.* ¶ 11.)

### 1.   No Independent Use Allegations

With respect to Keurig's alleged use of a third-party vendor, Plaintiff has abandoned the allegations set forth in the FAC that Keurig used WebEx, Salesforce or FullStory as its software provider.  (*See generally* SAC.)  Plaintiff now alleges in the SAC that Keurig's third-party vendor is Oracle, which, according to Plaintiff, provides the Oracle CX chat technology.  (*Id.* ¶ 11.)  Plaintiff further alleges that the code used by Oracle is designed by "RightNow Technologies," which Plaintiff claims enables the alleged "eavesdropping."  (*Id.*)   In purported support, Plaintiff recycles allegations from her deficient FAC, but also quotes from irrelevant articles, none of which have anything to do with the software allegedly provided by Oracle.

### (a)   *The Oracle Product Description*

In an effort to plead that Oracle qualifies as an "eavesdropper" under CIPA, Plaintiff relies upon published information from Oracle's website concerning RightNow, including its ability to provide "real-time" or actionable insights.  (*Id.* ¶¶ 15-16) (citing https://www.oracle.com/cx/service/rightnow/ (last visited June 20, 2023), RJN Ex. 1 (the "Oracle Product Description")).  Based on this webpage, Plaintiff speculates that "[t]he Oracle CX software is integrated with social media platforms like Facebook[.]" (*Id.* ¶¶ 15-16.)  The undated Oracle Product Description, however, does not state that Oracle shares or sells data to Facebook (or Meta), or anyone else, or that Oracle is "integrated" with these entities.  (RJN Ex. 1.)  The Oracle Product Description instead explains that Oracle offers a product that allows a website owner to employ multiple tools across marketing, customer service, sales, etc. and connect the information together from each for *the website owner's use* to improve the customer experience.  (*See id.*) (citing Oracle's ability to provide rapid information to "frontline workers").  Indeed, Oracle describes the software's ability to improve a company's internal use of data – not that the software shares customer data externally with third-parties.  (*Id.*)  The one-page Oracle Product Description is the only source that Plaintiff references that even addresses that software she claims was used – Oracle CX.  (*See generally* SAC, *see* RJN Exs. 1-5.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b)      *The CRM Article*

In an apparent effort to distort the functionality of the software Plaintiff alleges is at issue, she also quotes from an article describing an entirely separate software -- RightNow CX for Facebook.  (*See* SAC ¶ 17-18 and n. 2) (citing https://www.destinationcrm.com/Articles/CRM-News/CRM-Featured-News/RightNow-Launches-RightNow-CX-for-Facebook-70083.aspx?CategoryID=263 (last visited June 20, 2023), RJN Ex. 2 (the "CRM Article")).  The CRM Article published over twelve and a half years ago on November 30, 2010, however, does not support Plaintiff's conclusory claim that *Oracle CX, a wholly separate software*, monetizes or shares data through targeted advertising on Facebook.  (RJN Ex. 2.)

Indeed, the November 2010 CRM Article states that, at least at that time, RightNow CX for Facebook "allow[s] companies to monitor and interact with customers *via Facebook* from *RightNow CX*[.]"  (*Id.*) (emphasis added).  It does not say that this software enables the sharing of chat data obtained from companies' websites with Facebook or Meta.  (*Id.*)  Rather, the old article explains that the software allows the *companies*, not RightNow, to use information that a user provides *on Facebook* in connection with the RightNow CX platform.  (*Id.*)  Plaintiff does not allege, however, that she interacted with Keurig via Facebook.  (*See generally* SAC.)  Rather, she alleges that she contacted Keurig *via the Website*.  (*Id.* ¶ 4) ("Plaintiff visited Defendant's *Website* using a smart phone and conducted a brief conversation with an agent of Defendant *through the Website's* chat feature.") (emphasis added).  Nor does Plaintiff even allege that the Website uses the RightNow CX for Facebook product.  (*See generally id.*)  Further, the CRM Article provides no support for the proposition that RightNow uses the data for any independent purpose.  (RJN Ex. 2.)

Relying upon the CRM Article, Plaintiff makes an inferential "leap" -- similar to ones in the FAC that this Court rejected -- that "[t]he foregoing shows that Oracle's chat software is 'integrated' with Meta, Inc.'s subsidiaries like Facebook and WhatsApp."  (SAC ¶ 18.)

(c)      *The Bloomberg Article*

Plaintiff also attempts to recycle prior allegations from her FAC, by ripping quotations from context to allege that Meta has a "secret 'plan to profit from private chats.'"  (*Id.*) (emphasis

removed) (citing https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review), RJN Ex. 3 (the "Bloomberg Article")). Just as in the FAC, however, there is no discussion of Oracle in the Bloomberg Article, rendering it irrelevant to the claims alleged here. (SAC ¶ 18, RJN Ex. 3.) Plaintiff additionally alleges that "all of the schemers – Defendant, Oracle, and Meta – all profit from secretly exploiting the chat data through targeted social media advertising" without any support. (SAC ¶ 20.) Yet Plaintiff has not even alleged that the specific Oracle software allegedly employed on the Website shares data with Meta, nor does Plaintiff provide any basis for this conclusory allegation. (*See generally id.*)

> #### (d) *The SAC Contains No Allegations Concerning Plaintiff's Own Experience*

The only interaction that Plaintiff alleges she had with Keurig purportedly occurred through the chat feature on the Website – she does not allege any communication through Facebook or WhatsApp. (*Id.* ¶ 4.) Accordingly, her allegations concerning the capabilities of these social media platforms are unconnected to her claim related to an alleged chat session on the Website.

Moreover, while Plaintiff theorizes that chat transcripts are *capable* of being valuable, Plaintiff still does not plausibly allege that Oracle actually used or monetized her chat session, by, for example, alleging that she received targeted advertising following her alleged interaction on the Website. (*See generally id.*) Nor does Plaintiff allege any of the contents of her alleged communication (which still, in her third complaint, she fails to describe with any particularity) that could even plausibly be shared with such third-parties. (*Id.*)

> ### 2. No Interception Allegations

Plaintiff alleges – again without support – that Oracle "intercepts" the chat, copies it and forwards it before it is sent to Keurig through the use of an "embedded code" that operates as "a type of automatic routing software[.]" (*Id.* ¶¶ 12-13.) Although Plaintiff makes conclusory allegations that "[t]he chats meant for Defendant are first routed through Oracle[,]" the only support that she can muster for this allegation comes in the form of two different screenshots. (*Id.*

1    ¶¶ 11-12) (emphasis removed).  The first screenshot is illegible.[4]  (*Id.* ¶ 11.)  Plaintiff's second

2    screenshot, according to the timestamps included, is from a conversation that took place on May

3    19, 2023.  (*Id.* ¶ 12.)  Plaintiff makes no effort to connect this screenshot to the interaction she

4    allegedly had in August 2022.  (*Id.*)  Plaintiff otherwise makes only conclusory allegations that the

5    chat was "monitored," "store[d]," "recorded," and/or "intercepted," and that these actions all

6    happened "in real time" and/or "during transmission."  (*Id.* ¶¶ 4, 12-14, 16-17, 19, 21, 23, 34-35.)

7    ## III.    ARGUMENT

8    Rule 12(b)(6) requires dismissal where a complaint fails to allege sufficient facts "to state

9    a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547

10   (2007), and presents nothing more than "[t]hreadbare recitals of the elements of a cause of action,

11   supported by mere conclusory statements[.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A

12   claim is facially plausible when a plaintiff pleads 'factual content that allows the court to draw the

13   reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. California*

14   *Dep't of Forestry and Fire Prot.*, 212 F.Supp.3d 808, 811 (N.D. Cal. 2016) (quoting *Ashcroft*, 556

15   U.S. at 678).  "[C]ourts do not 'accept as true allegations that are merely conclusory, unwarranted

16   deductions of fact, or unreasonable inferences.'"  *Id.* (quoting *In re Gilead Scis. Secs. Litig.*, 536

17   F.3d 1049, 1055 (9th Cir. 2008)).  "And even where facts are accepted as true, 'a plaintiff may

18   plead [her]self out of court' if [s]he 'pleads facts which establish that [s]he cannot prevail on h[er]

19   . . . claim.'"  *Id.* (quoting *Weisbusch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir.

20   1997)).

21   Applying this standard, Plaintiff's SAC should be dismissed with prejudice.

22   ### A.    Plaintiff Fails to State a Valid "Aiding and Abetting" Claim against Keurig
23   under Section 631(a)

24   The California Supreme Court has explained that Section 631(a) of CIPA makes unlawful

25   "three distinct and mutually independent patterns of conduct: [1] intentional wiretapping [of any

26   telegraph or telephone], [2] wilfully (*sic*) attempting to learn the contents or meaning of a

27   communication in transit over a wire, and [3] attempting to use or communicate information

28   _____

[4]      The referenced web address for this website is invalid.

obtained as a result of engaging in either of the previous two activities." *Williams v. What If Holdings, LLC, et al.*, No. 3:22-cv-03780, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (quoting *Tavernetti v. Superior Court of San Diego County*, 22 Cal. 3d 187, 192 (1978)); *see also* Cal. Penal Code § 631(a); *accord Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1134 (E.D. Cal. 2021); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *15 (N.D. Cal. Sep. 26, 2013). Section 631(a) includes a fourth basis ("Clause Four" or "Fourth Clause") for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." *Mastel*, 549 F.Supp.3d at 1134 (quoting Cal. Penal Code § 631(a)) (internal quotations removed). Thus, by its plain language, there can only be a violation under Clause Four, if there is a violation of Clauses One, Two, or Three. *See id.* at 1137.

Plaintiff claims that, under Clause Four of Section 631(a), Keurig is vicariously liable for a violation of Section 631(a) by Keurig's third party software vendor, Oracle. (SAC ¶ 35) (alleging that "Defendant [] aided and abetted, agreed with, employed, or conspired with at least one third party to wiretap and/or eavesdrop upon such conversations during transmission and in real time by voluntarily embedding Oracle's software code on Defendant's Website"). Plaintiff's claim against Keurig under Clause Four must be dismissed, because as discussed more fully below, Plaintiff fails to allege a violation of any clause by Oracle that Keurig could have aided or abetted.

### 1.    Plaintiff Has Not Adequately Pled a Violation of Clause Two by Oracle

As this Court recognized, the restrictions of Clause Two of CIPA are triggered where a third party, "willfully and without consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any . . . communication while the same is in transit . . ." Cal. Penal Code § 631(a). This Court ruled that Plaintiff's Clause Two claim in the FAC failed because she failed to plead sufficient factual allegations that, if proven, could show that the (i) party exception did not apply and (ii) "while in transit" requirement was satisfied. (Dismissal Order at 6-8.) As explained below, the SAC fails to cure these defects.

1

(a)   *The Party Exemption*

2   As this Court – as well as Courts around the state – have recognized, a plaintiff cannot

3   proceed on an aiding and abetting theory predicated only upon the mere use of a mere software

4   tool.  (Dismissal Order at 6-7); *see Williams*, 2022 WL 17869275, at *3-4; *Cody v. Boscov's, Inc.*,

5   -- F.Supp.3d --, No. 8:22-cv-01434, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023)

6   ("*Boscov's*"); *Esparza v. Lenox Corp.*, No. 3:22-cv-09004, 2023 WL 2541352, at *2-3 (N.D. Cal.

7   Mar. 16, 2023) ("*Lenox*"); *Byars v. Hot Topic, Inc.* ("*Hot Topic*"), No. 22-cv-01652, 2023 WL

8   2026994, at *9-10 (C.D. Cal. Feb. 14, 2023); *Licea and Valenzuela v. Cinmar, LLC* ("*Cinmar*"), -

9   - F.Supp.3d --, No. 2:

10   22-cv-06454, 2023 WL 2415592, at *9 (C.D. Cal. Mar. 7, 2023); *see also Licea v.*

11   *American Eagle Outfitters, Inc.* ("*American Eagle*"), -- F.Supp.3d --, 2023 WL 2469630, at *6-8

12   (C.D. Cal. Mar. 7, 2023); *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355, 2023 WL 2717636, at

13   *6-11 (E.D. Cal. Mar. 30, 2023), adopted in full, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023).  In

14   *Valenzuela v. The Kroger Co.*, No. 2:22-cv-06382-DMG, ECF No. 35 (C.D. Cal. June 23, 2023)

15   ("*Kroger*") (RJN Ex. 6), Judge Dolly Gee of the Central District became the most recent judge to

16   join this chorus of dismissals.[5]  This is the precise theory that Plaintiff pursues here, which warrants

17   dismissal.

18   This Court already held that "Section 631 contains an exemption from liability for a person

19   who was a 'party' to a communication."  (Dismissal Order at 6.)  This conclusion is well-supported

20   by authority from within this District and beyond.  In *Williams*, the plaintiff brought Section 631(a)

21   claims against a website owner and a software company, which offered a software that the website

22   owner had embedded on its website.  2022 WL 17869275, at *1.  The software allegedly "had the

23   ability to document a website visitor's keystrokes and mouse movements as they happened and

24   then create a video replay of the website visitor's interactions with the website."  *Id.*  The Court

25   opined that, to determine whether an aiding and abetting claim could be asserted against the

26

27
28   [5] On June 30, 2023, Judge Joel R. Wohlfeil became the first judge in California Superior Court to opine on a similar complaint and issued a tentative ruling sustaining a demurrer without leave to amend on CIPA Section 631 and 632.7 claims in *Esparza v. Ecco USA Inc.*, 37-2023-00009235-CU-CR-CTL (Cal. Super. Ct., San Diego Cty.) (RJN Ex. 7).

website owner, "the question boils down to whether [the vendor] was an independent third party hired to eavesdrop on [the website owner]'s communications, or whether [the vendor]'s software was merely a tool that [the website owner] used to record its own communications with [the] plaintiff." *Id.* at *3. The Court found that "there are no facts to suggest that [the vendor] 'intercepted and used the data itself.'" *Id.* For this reason, the Court in *Williams* dismissed the claims and held the software provider tool at issue more resembled that of a physical recorder than an eavesdropper. *Id.* at *4; *see also Graham v. Noom, Inc.*, 533 F.Supp.3d 823, 832 (N.D. Cal. 2021) (dismissing a CIPA claim where there were "no allegations [] that [the vendor] intercepted and used the data itself"); *Yale v. Clicktale, Inc.*, No. 3:20-cv-07575, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) (same); *Johnson v. Blue Nile, Inc.*, No. 3:20-cv-08183, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) (same).

With respect to Plaintiff's FAC, this Court already ruled that Plaintiff's failure to allege facts supporting that a third-party used chat communications for its own purpose warranted dismissal. (Dismissal Order at 6-7.) Plaintiff's SAC fails to address this deficiency. Although Plaintiff purports to identify the third-party at issue this time – Oracle – she still fails to allege facts to support her claim that Oracle intercepts communications for its own use and sale for targeted advertising. (SAC ¶¶ 11-24.) As explained *supra*, Plaintiff alleges that *other* vendors or products may integrate data obtained *from Facebook interactions*, but Plaintiff does not and cannot allege that Keurig integrated the *Oracle CX* tool with Facebook, or that Oracle otherwise shared or sold data with Meta that was purportedly collected by Oracle from the Website's chat feature. (*Id.* ¶¶ 17-18.) Moreover, because Plaintiff does not allege she interacted with Keurig on Facebook, her allegations regarding the interaction of certain technology with Facebook communications (as opposed to website chat communications) are inapplicable. (*Id.*) Additionally, Plaintiff's allegations regarding purported monetary use of her chat data are also conclusory and cannot plausibly support that the information she purportedly provided during her chat (i) would identify her user interests, (ii) was sold to Facebook, or (iii) resulted in the subsequent receipt of targeted ads on a Meta platform. (*See generally id.*)

In an effort to salvage a claim, Plaintiff alleges that "Defendant, Oracle, and Meta – all profit from secretly exploiting the chat data through targeted social media advertising" and that the "Oracle uses its record of Website users' interaction with Defendant's chat feature for data analytics and marketing/advertising to consumers." (*Id.* ¶¶ 20-21.)  But Plaintiff does not allege that she saw Keurig ads on her Facebook feed after she communicated with Keurig via chat.  Instead, Plaintiff supports these conclusory allegations with citations to things she found on the Internet that have nothing to do with Oracle or Keurig, as already discussed above.  (*Id.* ¶¶ 18-19, RJN Exs. 2-5.)  These allegations do not save the SAC from dismissal because, as numerous courts have found, vague allegations concerning the purported financial benefit concerning the collection of certain data are insufficient to convert a service provider into a third-party eavesdropper under CIPA.  *See Cinmar*, 2023 WL 2415592, at *9 ("The bare allegations only suggest that the third party analyzed or used the data on behalf of or in tangent with Defendant.")

Similar allegations have been consistently rejected.  In *Hot Topic*, Judge Bernal found that allegations that "Defendant allows at least one independent third-party vendor . . . to access its chat communications" and that such third party "harvests data for financial gain," constituted "a mere conclusion" that must be "disregarded under *Twombly* and *Iqbal*."  2023 WL 2026994, at *10; *see also Lenox*, 2023 WL 2541352, at *3.  In *Boscov's*, the Court dismissed a similar complaint that relied on allegations similar to the ones asserted here because "[p]laintiff must provide facts suggesting that [third-parties] are recording [d]efendant's customers' information for some use or potential future use beyond simply supplying this information back to [d]efendant" and had not done so.  *Boscov's*, 2023 WL 2338302, at *2.  In *American Eagle* and *Cinmar*, the Court found that "Plaintiff fails to plead that the alleged third party acted independently from Defendant as to constitute an unannounced auditor under California law."[6]  *American Eagle*, 2023

---

[6] *Byars v. The Goodyear Tire Rubber & Co.*, -- F.Supp.3d --, No. 5:22-cv-01358-SSS, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) ("*Goodyear Tire*") is not to the contrary because in that case, the defendant did not seek dismissal on the direct-party exemption. *See Hot Topic*, 2023 WL 2026994, at *11 n.11.  Moreover, as noted above, Judge Sykes recently dismissed a CIPA claim on this very ground. *See Boscov's*, 2023 WL 2338302. In any event, *Goodyear Tire* is not persuasive because although the Court acknowledged the four sections of CIPA, it analyzed them all together and did not perform the type of detailed analysis conducted by Judges Alsup and Bernal discussed above. 2023 WL 1788553, at *4.  Further, in *Goodyear Tire*, the court largely relied upon *Campbell v. Facebook, Inc.*, 77 F.Supp.3d 836 (N.D. Cal. 2014), which is inapposite here

WL 2469630, at *8; *see also Cinmar*, 2023 WL 2415592, at *9; *Kroger*, RJN Ex. 6 at 4 (allegations that third-party shares communications for "data harvesting purposes" does not give rise to a plausible claim).

Moreover, there is not a single allegation regarding the information that Plaintiff provided to Keurig, how such information allegedly could have value, or how it was used. (*See generally* SAC.)   In the absence of such allegations, Plaintiff's conclusory assertions regarding "monetization" constitute a "mere legal conclusion" that must be "disregarded under *Twombly* and *Iqbal*."  *Hot Topic*, 2023 WL 2026994, at *10.   Accordingly, Plaintiff's Section 631(a) claim should be dismissed on this ground alone.

**(b)**     ***Plaintiff Has Not Adequately Pled Oracle's Unauthorized Interception of a Communication While In Transit***

Additionally, to be liable under Clause Two, the eavesdropper must listen to a communication "*while* the same is *in transit* or passing over any wire, line, or cable, or is being sent from, or received at any place within this state[.]" Cal. Penal Code § 631(a) (emphasis added).

This Court held that "Plaintiff's simultaneity claims are just too conclusory to survive [*Twombly* and *Iqbal*]" because among other things, the FAC is "entirely speculative" and did not answer how the "third parties interface with Defendant's chat platform other than via 'code'" nor "explain— even at a high level—how such code might plausibly work." (Dismissal Order at 7-8.) Plaintiff has done nothing to address this failure in the SAC.

Indeed, in the SAC, Plaintiff alleges, that "whenever a consumer chats via Defendant's Website, the chat is routed *through* www.rightnowtech.com."  (SAC ¶ 11.)  The image Plaintiff apparently relies upon to support this allegation, however, is illegible.  (*Id.*)  Plaintiff also does not otherwise explain how the image shows that Plaintiff's chat was routed through rightnowtech.com,

---

because Facebook was not a party to the communication at issue and the complaint provided factual allegations regarding a detailed source code, making allegations about how a third party interception was achieved.  *See id.*  Further, the Dismissal Order found *Goodyear Tire* to be unpersuasive, (Dismissal Order at 9 n.5.), and the courts in *Hot Topic* and *Martin* respectfully disagreed with the *Goodyear Tire* opinion's persuasiveness as authority and declined to follow it. *Hot Topic*, 2023 WL 2026994, at *11; *Martin*, 2023 WL 2717636, at *15-16.  Moreover, the court issuing *American Eagle* and *Cinmar* rendered its decision more than a month after the *Goodyear* decision issued, and did not follow that decision.

nor does Plaintiff explain how routing one page through another necessarily means it was intercepted while in transit.  (*See generally id*.)  Plaintiff's allegations – again without support – that "Oracle intercepts [the chat], copies it, and forwards it along to [Keurig]" (*id.* ¶ 12) also fail to provide the requisite facts that this Court made clear were required when it dismissed the FAC.  (Dismissal Order at 7-8.)

Plaintiff's attempt to rely upon a second screenshot of a purported chat that appears to have occurred on May 19, 2023 also fails to make her allegations plausible under *Iqbal* and *Twombly*.  (SAC ¶ 12.)  Plaintiff does not explain how such a screenshot could possibly be relevant to her alleged interaction with the Website's chat feature **in August 2022**.  (*Id.*)  Plaintiff conclusorily alleges that "the secret code is a type of automatic routing software that automatically acquires and transmits user chat communications to Oracle," but again provides no explanation as to how this allegation is supported by the screenshot.  (*Id.* ¶ 13.)  Plaintiff merely uses the labels "automatically" and "routed" without explanation – the very same allegations that this Court previously held warranted dismissal.  (*Id.* ¶¶ 11-13; Dismissal Order at 8) (dismissing the FAC because, *inter alia*, Plaintiff's allegations "do not explain— even at a high level—how such code might plausibly work" with respect to interception).

Other Courts have reached the same result when addressing similar allegations.  As the Court explained in *Cinmar*:

> [T]he *Campbell* plaintiffs alleged far more details about the purported interception than Plaintiffs do here. [*Campbell v. Facebook, Inc.*, 77 F.Supp.3d 836, 839 (N.D. Cal. 2014)] ("plaintiffs allege that Facebook scans the content of their private messages, and if there is a link to a web page contained in that message, Facebook treats it as a 'like' of the page, and increases the page's 'like' counter by one"). This allegation contains sufficient detail to support an inference of in transit interception, whereas Plaintiffs' allegations that "the third party . . . secretly intercepts in real time, eavesdrops upon, and stores transcripts" is conclusory and does not allege specific facts as to how or when the interception takes place, which has been found to fall short of stating a plausible claim under section 631(a).

2023 WL 2415592, at *9.  Plaintiff's allegations are likewise deficient here.  As in *Cinmar*, Plaintiff's SAC includes no supported factual allegations regarding the timing of the alleged "interception" of the communication that could support that any such interception occurred while

the alleged internet communication was transit.  (*See generally* SAC.)  This Court should again dismiss the SAC as a result of Plaintiff's failure to plead allegations that plausibly support the interception element.

### 2.    Plaintiff Has Not Adequately Pled a Violation of Clause One by Oracle

Plaintiff's CIPA claim under Clause One fails for the additional reason that she did not, and cannot, plausibly allege that the communication at issue was made using a telegraph or telephone, as contemplated by Section 631(a).  Rather, she concedes that the communication was made over the internet, which is not covered under the First Clause of Section 631(a).[7]

This Court held that "Plaintiff makes no allegation the third-party makes a connection with [a telegraph or telephone] here.  Rather, Plaintiff alleges only that she used a smart phone's internet capabilities to contact Defendant.  Thus, Plaintiff fails to state a claim under clause one because Section 631(a)'s plain text does not prohibit the non-telephonic conduct described here." (Dismissal Order at 3.)  Indeed, courts have consistently held the First Clause of Section 631(a) is "limited to communications passing over 'telegraph or telephone' wires, lines, or cables," *Mastel*, 549 F.Supp.3d at 1135 (quoting *Matera v. Google, Inc.*, No. 15-cv-04062, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016)), and, as the Court in *Williams* recently reaffirmed, "*does not apply to the context of the internet.*"  2022 WL 17869275, at *2 (emphasis added); *In re Google Inc.*, 2013 WL 5423918, at *20 (explaining that the First Clause of CIPA is "limited to communications passing over 'telegraphic or telephone' wires, lines, or cables"); *accord In re Google Assistant Privacy Litig.*, 457 F.Supp.3d 797, 825-26 (N.D. Cal. 2020) ("*Google Assistant*") (holding that CIPA claim under First Clause must be dismissed if allegations do not show that technology at issue "operates using telegraph or telephone wires").  Further, the court in *American Eagle* confirmed that "the first clause of section 631(a) does not apply to communications with a smart phone or Wi-Fi-enabled laptop[.]"  2023 WL 2469630, at *5-6; *see also Cinmar*, 2023 WL 2415592, at *5-6.

---

[7] Section 631(a)'s First Clause makes unlawful, "[a]ny person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, . . . *with any telegraph or telephone* wire, line, cable, or instrument, including the wire, line, or instrument of any internal telephonic communication system …"  Cal. Penal Code § 631(a) (emphasis added).

1    Plaintiff does not cite to Clause One in the SAC and does not appear any longer to claim a

2    violation of Clause One. In any event, Plaintiff has not alleged any new facts to support a claim

3    that either Keurig or Oracle made a connection with a telegraph or telephone; therefore, to the

4    extent Plaintiff attempts to allege a violation of Section 631(a) Clause One, Plaintiff again fails to

5    state a claim.

6           **3.      Plaintiff Has Not Adequately Pled a Violation of Clauses Three or Four
                     by Keurig or Oracle because Plaintiff Fails to Allege a Claim Under
7                    Clauses One and Two**

8    The third ("Third Clause" or "Clause Three") and Fourth Clauses of Section 631(a) restrict

9    any person from using, or attempting to use, "in any manner, or for any purpose, or to communicate

10   in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any

11   person or persons to unlawfully do, or permit, or cause to be done any of the acts or things

12   mentioned above in this section[.]" Cal. Penal Code § 631(a). "Because the court concludes that

13   [plaintiff] has failed to state a claim under either clause 1 or 2, his claim that [defendant] violated

14   § 631(a)'s third clause fails as a matter of law. Likewise, because [plaintiff] has failed to establish

15   an underlying violation, [plaintiff] cannot maintain a claim against [defendant] under the fourth

16   clause because none of the alleged conduct that [defendant] allegedly 'agreed to' or 'aided'

17   violated § 631(a)." *See Mastel*, 549 F.Supp.3d at 1137 (internal citations omitted); *see also Google*

18   *Assistant*, 457 F.Supp.3d at 827; *see also Williams*, 2022 WL 17869275, at *2.

19   Thus, Plaintiff's CIPA claim against Keurig predicated on an aiding and abetting theory of

20   liability fails on its face, and must be dismissed.

21      **B.     Plaintiff Otherwise Fails to State a Claim under Section 631(a)**

22   Plaintiff additionally fails to state a claim that Keurig directly violated Section 631(a). This

23   Court ruled as follows in the Dismissal Order:

24                 While Plaintiff alleges Defendant directly violates clauses one, two,
                   and three, (Dkt. No. 17 ¶ 31), Plaintiff does not address her direct
25                 liability theory in her opposition, (*See* Dkt. No. 27). *Nor would any
                   such argument be persuasive.* Plaintiff intended to communicate
26                 with Defendant. (Dkt. No. 17 ¶ 4.) CIPA protects speakers from
                   "eavesdropping" by "third parties." *Ribas v. Clark,* 38 Cal. 3d 355,
27                 359 (Cal. 1985). Thus, to the extent Plaintiff alleges Defendant
                   directly violated Section 631(a)'s first, second, or third clause, that
28                 argument fails to state a claim.

1   (Dismissal Order at 3 n. 3) (emphasis added).

2       The law is well-settled that "[p]arties to a conversation cannot eavesdrop on their own

3   conversation, so no other part of Section 631(a) is applicable" with respect to the intended recipient

4   of a communication. *Williams*, 2022 WL 17869275, at *2; *see also Lenox*, 2023 WL 2541352, at

5   *2. As Judge Alsup opined in *Williams* and *Lenox* and Judge Bernal reaffirmed in *Hot Topic*,

6   California state and federal courts have long made clear this fundamental aspect of Section 631(a).

7   *See id.*; *Hot Topic*, 2023 WL 2026994, at *8; *see also Warden v. Kahn*, 99 Cal. App. 3d 805, 811

8   (1979) (finding that Section 631 "has been held to apply only to eavesdropping by a third party

9   and not to recording by a participant to a conversation"); *Rogers v. Ulrich*, 52 Cal. App. 3d 894,

10   899 (1975) (holding that Section 631 does not apply to a party to a conversation because "it is

11   never a secret to one party to a conversation that the other party is listening to the conversation;

12   only a third party can listen secretly to a private conversation"); *Graham*, 533 F.Supp.3d at 831

13   (holding that "a party to a communication can record it (and it is not eavesdropping when it does)").

14       Further, as Judge Bernal, Judge Alsup and Judge Fitzgerald recently opined, these rulings

15   are all consistent with Ninth Circuit precedent, which recognize a direct party exemption under

16   Section 631(a). *Hot Topic*, 2023 WL 2026994, *8; *Williams*, 2022 WL 17869275, at *2-3; *Lenox*,

17   2023 WL 2541352, at *3, *American Eagle*, 2023 WL 2469630, at *6-8; *Cinmar*, 2023 WL

18   2415592, at *7 ("Federal courts have routinely affirmed the holding in *Rogers* that a party cannot

19   eavesdrop on its own conversation."). Judge Sykes of the Central District of California recently

20   reiterated this principle stating that "Defendant was a party to the customer chats at issue in

21   Plaintiff's complaint. Thus, under this well-established 'party exception', Plaintiff's claim that

22   Defendant is directly liable for wiretapping fails and amendment would be futile." *Boscov's*, 2023

23   WL 2338302, at *2. In this case, Plaintiff alleges she "conducted a brief conversation *with an

24   agent of [Keurig]* through the Website chat feature." (SAC ¶ 4) (emphasis added). Thus, Plaintiff

25   concedes that Keurig was a party to the communication, which precludes liability under the first

26   three Clauses of Section 631(a).

27       The SAC alleges that Plaintiff intended to communicated with Keurig. (*Id.* ¶¶ 4, 33, 35.)

28   As such, to the extent Plaintiff alleges that Keurig directly violated Section 631(a)'s First, Second,

1  or Third Clause, Plaintiff fails to state a claim and the SAC should be dismissed in its entirety

2  without leave to amend.

3  **IV.**     **CONCLUSION**

4          For the foregoing reasons, Keurig respectfully requests that this Court dismiss Plaintiff's

5  SAC in its entirety.  Further, because Plaintiff cannot amend her SAC to assert viable causes of

6  actions (given her own allegations to date, the documents referenced in her SAC, and judicially

7  noticeable documents), and because Plaintiff was unable to remedy these issues despite having

8  two opportunities to amend her Complaint, the dismissal should be with prejudice.

9

10      DATED: June 30, 2023

                                        By:   /s/ Lauri A. Mazzuchetti

11                                            Lauri Mazzuchetti (*pro hac vice*)
                                              lmazzuchetti@kelleydrye.com

12                                            KELLEY DRYE & WARREN
                                              One Jefferson Road, 2nd Floor

13                                            Parsippany, NJ 07054
                                              Telephone: (973) 503-5900

14                                            Facsimile: (973) 503-5950

15                                            Becca J. Wahlquist (SBN 215948)
                                              bwahlquist@kelleydrye.com

16                                            KELLEY DRYE & WARREN
                                              350 South Grand Avenue, Suite 3800

17                                            Los Angeles, CA 90071
                                              Telephone: (213) 547-4900

18                                            Facsimile: (213) 547-4901

19                                            *Attorneys for Defendant*
                                              *Keurig Green Mountain, Inc.*

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that, on June 30, 2023, I electronically filed the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST FAC; MEMORANDUM IN SUPPORT** with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: June 30, 2023                                Respectfully submitted.

By:   */s/ Lauri A. Mazzuchetti*
      Lauri A. Mazzuchetti