UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>    Defendant. | Case No. 22-cv-09042-JSC<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFF RE: STANDING** |

        Pending before the Court is Defendant's motion to dismiss the Second Amended Complaint (SAC).  Federal courts are obligated to ensure standing exists and to raise it "sua sponte if need be." *San Francisco Drydock, Inc. v. Dalton*, 131 F.3d 776, 778 (9th Cir. 1997); *see also Ctr. For Biological Diversity v. Kempthorne,* 588 F.3d 701, 707 (9th Cir. 2009) ("[T]he jurisdictional issue of standing can be raised at any time.").  Upon review of the SAC and the parties' submissions, the Court has questions as to whether Plaintiff has sufficiently alleged Article III standing.

        Article III standing requires more than a statutory violation; a plaintiff must establish "concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). The "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016), as revised (May 24, 2016) (cleaned up).  In *Mikulsky v. Noom, Inc*., for example, the court found no injury-in-fact in a putative class action based on the California Invasion of Privacy Act because the plaintiff did not "identify the specific personal information she disclosed that implicates a protectable privacy interest." No. 3:23-CV-00285-H-MSB, 2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023) (cleaned up).  The court

explained, "Plaintiff's conclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information" since "basic contact information, such as [] email address or phone number" would be insufficient to establish Article III standing. *Id.*; *see also I.C. v. Zynga, Inc*., 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) ("[T]he Court is hard pressed to conclude that basic contact information, including one's email address, phone number . . . is private information."); *Byars v. Sterling Jewelers, Inc.,* No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (concluding the plaintiff did not allege any concrete injury in a similar case when the plaintiff failed to "allege that she disclosed any sensitive information to Defendant").  Here, Plaintiff does not allege what, if anything she disclosed; thus, the Court is not yet satisfied Plaintiff has alleged a concrete harm sufficient to support constitutional standing.

Accordingly, on or before September 14, 2023, Plaintiff shall submit a memorandum demonstrating her Article III standing to pursue the claims in this action in federal court. Defendant may file a response on or before September 21, 2023.  **Oral argument on Defendant's motion to dismiss is continued from September 7, 2023 to September 26, 2023 at 10:00 a.m. in Courtroom 8, 450 Golden Gate Avenue, San Francisco.**  The Court will address standing at that hearing as well.

**IT IS SO ORDERED.**

Dated: September 1, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge