1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, | Case No. 3:22-cv-09042-JSC |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE FOR LACK OF STANDING** |
| KEURIG GREEN MOUNTAIN, INC., | |
| Defendant. | |

Sonya Valenzuela brings this putative class action against Keurig Green Mountain, Inc., for violations of the California Invasion of Privacy Act ("CIPA") § 631.  Plaintiff alleges Defendant "enables and allows a third party . . . to eavesdrop" on conversations between users of Defendant's chat feature, including Plaintiff, and Defendant. (Dkt. No. 42 ¶ 7-11.) [1]  While Plaintiff recites she "visited Defendant's Website using a smart phone and conducted a brief conversation with an agent of Defendant through the Website's chat feature" (*id.* ¶ 4), Plaintiff has not alleged the information she shared with Defendant was in any way private, or that third parties eavesdropping on her conversation with Defendant caused her any harm whatsoever.  So, Plaintiff has failed to establish a concrete injury sufficient for Article III Standing, and as a result, the Court DISMISSES Plaintiff's complaint.

## BACKGROUND

Sonya Valenzuela alleges she had "a brief conversation with an agent of Defendant through the Website's chat feature."  (Dkt. No. 42 ¶ 4.)  Plaintiff did not consent to the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*United States District Court*
*Northern District of California*

conversation being monitored, intercepted, or recorded.  (*Id.*)  Plaintiff does not specify the contents of the chat with Defendant, though she indicates she asked "several questions to a customer service representative" during the chat.  (Dkt. No. 54-1 ¶ 2.)  Plaintiff claims generally "visitors may share personal and confidential data and personally identifying information with Defendant via the Website chat feature" (Dkt. No. 42 ¶ 22), and these potentially personal chats are "first routed through Oracle."  (*Id.* ¶ 12.)  In addition, Plaintiff asserts "Oracle provide[s] data from such transcripts to Meta (*Id.* ¶ 23), which allows Meta to "bombard the unsuspecting Website visitors with targeted advertising based upon the user's Website visits and interactions."  (*Id.* ¶ 19.)

The Court previously granted Defendant's motion to dismiss Plaintiff's initial complaint. (Dkt. No. 39.)   After Plaintiff filed a second amended complaint, Defendant moved to dismiss it under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 45.)  After reviewing the second amended complaint and the parties' submissions, the Court issued an Order to Show Cause as to whether Plaintiff had sufficiently alleged Article III Standing.  (Dkt. No. 53.)  Both parties briefed responses to the Order.  (Dkt. Nos. 54, 57.)

**DISCUSSION**

**I.    LEGAL STANDARD**

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'"  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, (2021).  "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing."  *Id.* (citations omitted).  To establish standing sufficient to satisfy constitutional requirements, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of *private* information, and intrusion upon seclusion."  *Id.* at 2204 (emphasis added). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a

United States District Court
Northern District of California

1  harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 2200

2  (quotations and citations omitted).  Moreover, in a purported class action, the "named plaintiffs

3  who represent a class must allege and show that they personally have been injured, not that injury

4  has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc.*

5  *v. Robins*, 578 U.S. 330, 338 n.6 (2016), *as revised* (May 24, 2016) (cleaned up).  Federal courts

6  are obligated to ensure standing exists and to raise it "sua sponte if need be." *San Francisco*

7  *Drydock, Inc. v. Dalton*, 131 F.3d 776, 778 (9th Cir. 1997); *see also Ctr. For Biological Diversity*

8  *v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009) ("[T]he jurisdictional issue of standing can be

9  raised at any time.").  Since Plaintiff filed this case in federal court, Plaintiff "bears the burden of

10  establishing" the "elements" of Article III standing.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561

11  (1992).

12  **II.      PLAINTIFF HAS NOT ALLEGED AN INJURY-IN-FACT**

13         While Plaintiff alleges Defendant violated CIPA, Plaintiff fails to allege any facts to

14  support an inference Defendant engaged in any kind of *privacy* violation.  Indeed, Plaintiff fails to

15  allege any information at all about the contents of the chat with Defendant.  Without any

16  information as to what Plaintiff told Defendant during the brief chat, Plaintiff has only alleged "a

17  bare procedural violation, divorced from any concrete harm." *Spokeo, Inc. v. Robins*, 578 U.S.

18  330, 341 (2016), *as revised* (May 24, 2016).  Such a procedural violation, on its own, does not

19  satisfy Article III's requirements.  *See Lightoller v. Jetblue Airways Corp.*, No. 23-cv-361-H, 2023

20  WL 3963823, at *4 (S.D. Cal. June 12, 2023) (finding no injury-in-fact because "Plaintiff's

21  complaint does not allege that she disclosed any personal information to Defendant" so plaintiff

22  "failed to adequately allege that she suffered any concrete harm that bears a close relationship to

23  the right to control personal information"); *Mikulsky v. Noom, Inc.*, No. 3:23-CV-00285-H-MSB,

24  2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023) (finding no injury-in-fact because Plaintiff did

25  not "identify the specific personal information she disclosed that implicates a protectable privacy

26  interest") (quotations and citations omitted); *see also I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034,

27  1049 (N.D. Cal. 2022) ("[T]he Court is hard pressed to conclude that basic contact information,

28  including one's email address, phone number . . . is private information."); *Phillips v. U.S.*

3

*Customs & Border Prot.*, 74 F.4th 986, 995 (9th Cir. 2023) (explaining "the government's unlawful collection and retention of records" only "gives rise to a concrete injury for purposes of standing" when "the collection or retention caused a concrete harm").

Plaintiff's insistence she may state a claim for a Section 631(a) violation regardless of whether she communicated any sensitive or confidential information in the chat misses the point. The question the Court asked is not whether she states a claim under CIPA, but whether she has sufficiently alleged Article III standing. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016). "Put differently, for Article III purposes, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation." *Phillips*, 74 F.4th at 993 (quotations and citations omitted). Plaintiff may have suffered a technical violation of CIPA. However, Plaintiff has not alleged any facts—in her complaint or declaration—that support an inference this violation injured her. So, Plaintiff has not met Article III's injury-in-fact requirement.

Plaintiff's mantra that a violation of a right to privacy can constitute an injury-in-fact improperly assumes she has alleged a violation of a right to privacy. "A right to privacy "encompass[es] the individual's control of information concerning his or her person.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017)); *see also U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763–64 (1989) (explaining "information may be classified as 'private' if it is 'intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public.'" (quoting Webster's Third New International Dictionary 1804 (1976)). Because Plaintiff has failed to allege *any* information about the contents of her chat with Defendant, Plaintiff has not alleged what she wrote to Defendant—and therefore to any third-party eavesdroppers—had to do with "her person" or was "not freely available to the public." So, Plaintiff has failed to establish any sort of privacy injury.

Plaintiff argues the "fundamental harm Plaintiff . . . experienced is having an

'unannounced second auditor' intercept her chat communication," which is "closely analogous to an 'intrusion upon seclusion' common law claim." (Dkt. No. 54 at 7 (citing *Ribas*, 38 Cal.3d at 360-61.) However, "[t]o state a claim for intrusion upon seclusion under California common law, a plaintiff must plead that (1) a defendant 'intentionally intrude[d] into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy[,]' and (2) the intrusion 'occur[red] in a manner highly offensive to a reasonable person.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009)). Plaintiff has failed to allege she had any "reasonable expectation of privacy" over the contents of her chats with Defendant because she has not alleged the contents of those chats contained any private information. So, Plaintiff has failed to demonstrate any injury analogous to the common law tort of intrusion upon seclusion.

*Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023) and *Licea v. Am. Eagle Outfitters, Inc*., No. ED-CV-22-1702-MWF-JPR, 2023 WL 2469630 (C.D. Cal. Mar. 7, 2023*)*, fail to persuade the Court Plaintiff has met its standing burden. *Garcia* relied on the Ninth Circuit's decision in *Wakefield v. ViSalus, Inc*., for the conclusion eavesdropping had a "close historical or common-law analog" because "traditional claims for invasions of privacy, intrusion upon seclusion, and nuisance are evidence of a common-law analog to *privacy* violations." *Id.* (quoting *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1118 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1756, 215 L. Ed. 2d 653 (2023) (cleaned up) (emphasis added)). But the Plaintiff in *Wakefield* identified a concrete injury—the receipt of unsolicited phone calls which "invade the privacy and disturb the solitude of their recipients." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). In comparison, Plaintiff has not articulated any connection between the alleged eavesdropping that occurred here and any privacy interest. And *Licea* failed to analyze or explain why every CIPA violation necessarily "involves . . . a violation of privacy rights." *Licea*, 2023 WL 2469630 at *3 (quotations and citations omitted). Plaintiff's argument is, at bottom, that every violation of CIPA—no matter how small or inoffensive—entails a privacy violation. Because Plaintiff has failed to allege any facts that suggest any "privacy injury" occurred, Plaintiff's citation to common law analogs of privacy

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

violations is unavailing.

## LEAVE TO AMEND

Plaintiff requested leave to amend her complaint.  (Dkt. No. 54 at 11.)   Plaintiff has twice previously amended her complaint, and each time failed to allege the contents of her communication with Defendant.  (Dkt. Nos. 17, 42.)  Moreover, after this Court's Order to Show Cause, Plaintiff submitted a declaration that referenced her chat with Defendant yet still failed to provide any information about the contents of that chat.  (Dkt. No. 54-1.)

However, in the Ninth Circuit "[t]he standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).  Because it is possible additional information about the contents of Plaintiff's chat with Defendant would establish Plaintiff's injury-in-fact, the Court GRANTS Plaintiff's request for leave to amend. *See Contreras v. Toyota Motor Sales U.S.A. Inc.*, 484 F. App'x 116, 118 (9th Cir. 2012) ("Given that an amendment might not be futile, the district court should have allowed the plaintiffs the opportunity to submit an amended complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)(describing the "longstanding rule that [l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.")(cleaned up).

## CONCLUSION

For the reasons above, the Court DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction with leave to amend.  Plaintiff is granted leave to amend to allege facts relevant to standing, and for no other purpose.  Any amended complaint must be filed by October 30, 2023. Upon review of the Amended Complaint, the Court will advise the parties how to proceed.

This Order disposes of Docket Number: 45.

**IT IS SO ORDERED.**

Dated: October 10, 2023

Jacqueline Scott Corley
United States District Judge